Dawn Sestito (S.B.# 214011)
Natalie D. Camastra (S.B.# 324719)
O'MELVENY & MYERS LLP
400 S. Hope Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
dsestito@omm.com
ncamastra@omm.com

Martha Hutton (S.B.# 279335)
O'MELVENY & MYERS LLP
1625 Eye Street NW #10
Washington, DC 20006
Phone: (202) 383-5300
Fax: (202) 383-5414
mhutton@omm.com

*Attorneys for Defendant*
*Trader Joe's Company*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO PALACIOS, *individually and on behalf of all those similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>TRADER JOE'S COMPANY, *a California corporation*,<br><br>Defendant. | Case No. 2:25-cv-10584-CV-AGRx<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT TRADER JOE'S COMPANY'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Judge: Hon. Cynthia Valenzuela<br>Hearing Date: January 30, 2026<br>Hearing Time: 10:30 am<br>Courtroom: 10B |

**TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS & AUTHORITIES ................................................ 1
I.      INTRODUCTION & SUMMARY OF ARGUMENT ................................. 1
II.     BACKGROUND .......................................................................................... 3
        A.      Procedural History ......................................................................... 3
        B.      Summary of Allegations ................................................................ 3
III.    LEGAL STANDARDS ............................................................................... 4
IV.     ARGUMENT .............................................................................................. 6
        A.      Trader Joe's Followed FDA Rules, so Plaintiff's Claims Are
                Both Barred and Preempted. .......................................................... 6
                i.      The Safe-Harbor Doctrine Bars Plaintiff's Claims. .................. 6
                ii.     Plaintiff's Claims are Impliedly Preempted. ........................... 9
        B.      The Complaint Fails to Satisfy the Reasonable Consumer Test. ....... 10
                i.      The Freezer Pops' Front Label Forecloses Plaintiff's
                        Unreasonable Interpretation of "100% JUICE." ..................... 12
                ii.     Plaintiff's Argument That the Disclosure Does Not
                        "Accompany" the "100% JUICE" Declaration Also Fails. ..... 14
                iii.    The Freezer Pops' Ingredient Statement Forecloses
                        Plaintiff's Unreasonable Interpretation "100% JUICE." ......... 15
                iv.     The Freezer Pops' Named Flavors Also Alert Consumers
                        to the Presence of Additional Ingredients. ............................. 17
        C.      Plaintiff's Claims of Fraudulent Conduct Must Be Dismissed for
                Failure to Meet Rule 9(b)'s Heightened Pleading Standard. .............. 18
        D.      Plaintiff's Ancillary Claims for Breach of the Implied Warranty
                and Unjust Enrichment Likewise Fail. .............................................. 19
        E.      Amendment is Futile. ......................................................................... 20
V.      CONCLUSION ......................................................................................... 20

TRADER JOE'S COMPANY'S MOTION
                                                    TO DISMISS PLAINTIFF'S COMPLAINT

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Johnson*,
355 F.3d 1179 (9th Cir. 2004).................................................................4

*Alaei v. Rockstar, Inc.*,
224 F. Supp. 3d 992 (S.D. Cal. 2016) ......................................................9

*Anthony v. Pharmavite*,
2019 WL 109446 (N.D. Cal. Jan. 4, 2019) .........................................5, 19

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................4

*Becerra v. Dr Pepper/Seven Up, Inc.*,
945 F.3d 1225 (9th Cir. 2019)..................................................................5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .............................................................................4, 5

*Bird v. First Alert, Inc.*,
2015 WL 3750225 (N.D. Cal. June 15, 2015) ........................................19

*Bobo v. Optimum Nutrition, Inc.*,
2015 WL 13102417 (S.D. Cal. Sept. 11, 2015) ..........................12, 13, 14

*Bonin v. Calderon*,
59 F.3d 815 (9th Cir. 1995)...................................................................20

*Bowler v. Nestle Health Sci. U.S., LLC*,
763 F. Supp. 3d 996 (C.D. Cal. 2025)......................................................5

*Bubak v. Golo, LLC*,
No. 24-492, 2025 WL 2860044 (9th Cir. Oct. 9, 2025)............................9

*Buckley v. BMW N. Am.*,
2020 WL 3802905 (C.D. Cal. Mar. 9, 2020) ..........................................18

*Buckman Co. v. Plaintiffs' Legal Comm.*,
531 U.S. 341 (2001) ............................................................................9, 10

*Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc.,*
637 F.3d 1047 (9th Cir. 2011)..................................................................5

*Cel Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
20 Cal. 4th 163 (Cal. 1999) .....................................................................6

*Chase v. Hobby Lobby Stores, Inc.*,
2017 WL 4358146 (S.D. Cal. Oct. 2, 2017)............................................19

TRADER JOE'S COMPANY'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Cheslow v. Ghirardelli Chocolate Co.*,
   445 F. Supp. 3d 8 (N.D. Cal. 2020)..................................................................16

*Coleman v. Medtronic, Inc.*,
   223 Cal. App. 4th 413 (2014) ...........................................................................9

*Dinan v. Sandisk LLC*,
   2019 WL 2327923 (N.D. Cal. May 31, 2019) ...................................................4

*Ebner v. Fresh, Inc.*,
   838 F.3d 958 (9th Cir. 2016) ...................................................6, 9, 10, 11, 13, 17

*Elliott v. Conagra Brands, Inc.*,
   2024 WL 3275567 (E.D. Cal. July 1, 2024) ...............................................14, 15

*Freeman v. Time, Inc.*,
   68 F.3d 285 (9th Cir. 1995) .............................................................................12

*Hairston v. S. Beach Beverage Co.*,
   2012 WL 1893818 (C.D. Cal. May 18, 2012).....................................................11

*Hodges v. King's Hawaiian Bakery W., Inc.*,
   2021 WL 5178826 (N.D. Cal. Nov. 8, 2021)......................................................16

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   781 F. Supp. 2d 955 (N.D. Cal. 2011).................................................................20

*In re Trader Joe's Company Dark Chocolate Litig.*,
   726 F. Supp. 3d 1150 (S.D. Cal. 2024) ...............................................................20

*Johnson-Jack v. Health-Ade LLC*,
   587 F. Supp. 3d 957 (N.D. Cal. 2022).................................................................17

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) .......................................................................5, 18

*Kwan v. SanMedica Int'l*,
   854 F.3d 1088 (9th Cir. 2017) ...........................................................................5

*La Barbera v. Ole Mexican Foods Inc.*,
   2023 WL 4162348 (C.D. Cal. May 18, 2023)...............................................11, 14

*Lokey v. CVS Pharmacy, Inc.*,
   2021 WL 633808 (N.D. Cal. Feb. 18, 2021)........................................................12

*Martin v. Natures Path Foods*, Inc.,
   2025 WL 2684119 (C.D. Cal. Aug. 8, 2025) ....................................................10

TRADER JOE'S COMPANY'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*McKinnis v. Kellogg*,
No. CV 07-2611 ABC (RCx), 2007 WL 4766060 (C.D. Cal. Sept.
19, 2007) .................................................................................................18

*Mier v. CVS Pharmacy, Inc.*,
2025 WL 1905109 (9th Cir. July 10, 2025 ..........................................20

*Moore v. Trader Joe's Co.*,
4 F.4th 874 (9th Cir. 2021) .........................................................11, 12, 16

*Nexus Pharm., Inc. v. Cent. Admixture Pharmacy Servs., Inc.*,
48 F.4th 1040 (9th Cir. 2022) .......................................................9

*Pappas v. Naked Juice Co of Glendora, Inc.*,
2012 WL 1925598 (C.D. Cal. May 14, 2012) .....................................15

*Perez v. Nidek Co., Ltd.*,
711 F.3d 1109 (9th Cir. 2013) .................................................9

*Puri v. Khalsa*,
674 F. App'x 679 (9th Cir. 2017) ................................................5, 18

*Ramirez v. Bank of Am., N.A.*,
607 F. Supp. 3d 969 (N.D. Cal. 2022) ..............................................20

*Romero v. Flowers Bakeries, LLC*,
2016 WL 469370 (N.D. Cal. Feb. 8, 2016) .........................................19

*Sinatro v. Mrs. Gooch's Nat. Food Markets, Inc.*,
2023 WL 2324291 (N.D. Cal. Feb. 16, 2023) .....................................10

*Sponchiado v. Apple Inc.*,
2019 WL 6117482 (N.D. Cal. Nov. 18, 2019) .....................................15

*Stanley v. Bayer Healthcare LLC*,
No. 11CV862-IEG BLM, 2012 WL 1132920 (S.D. Cal. Apr. 3,
2012) ........................................................................................5

*Stiles v. Trader Joe's Co.*,
2017 WL 3084267(C.D. Cal. Apr. 4, 2017) .........................................17

*Vitort v. Kroger Co.*,
2023 WL 3143690 (9th Cir. Apr. 28, 2023) .......................................17

*Weiss v. Trader Joe's Company*,
938 Fed. App'x 302 (9th Cir. 2020) ..................................................19

iv     TRADER JOE'S COMPANY'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Werbel v. Pepsico, Inc.*,
  No. C 09–04456 SBA, 2010 WL 2673860 (N.D. Cal. July 2, 2010) ................18

Whiteside v. Kimberly Clark Corp.,
  108 F.4th 771, 785 (9th Cir. 2024).............................................................10, 13

*Williams v. Gerber Prods. Co.*,
  552 F.3d 934 (9th Cir. 2008).........................................................................16

*Workman v. Plum*,
  141 F. Supp. 3d 1032 (N.D. Cal. 2015)..........................................................16

**Statutes**

21 U.S.C. § 332–34...........................................................................................9

21 U.S.C. § 372.................................................................................................9

21 U.S.C. §337..................................................................................................9

Cal. Civ. Code § 1750.......................................................................................4

**Rules**

Fed. R. Civ. P. 12(b)(6) ....................................................................................4

**Regulations**

21 C.F.R. § 10.25(a) .........................................................................................9

21 C.F.R. § 10.30..............................................................................................9

21 C.F.R. § 101.30(b)(1) ..................................................................................6

21 C.F.R. § 101.4(a) ........................................................................................16

21 C.F.R. §101.30(b)(3) .................................................................................6, 7

TRADER JOE'S COMPANY'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT

## MEMORANDUM OF POINTS & AUTHORITIES

### I.   INTRODUCTION & SUMMARY OF ARGUMENT

Trader Joe's Organic Freezer Pops ("Freezer Pops") are, as a matter of federal regulation, 100% juice.  Plaintiff concedes as much and even quotes, chapter and verse, the federal regulations that allow juice products—whether fresh squeezed or from concentrate—to carry the "100% JUICE" label, even when they contain some added ingredients.  That alone is enough to dismiss Plaintiff's claims: that this federally approved labeling statement duped consumers.  But even setting this aside, Plaintiff's claims fail because they simply make no sense.

He claims that the Freezer Pops' label misled him into believing not only that the Freezer Pops contained no ingredients other than juice but that they contained only "expressed" juice—that is, juice not from concentrate.  Trouble is, the Freezer Pops' label could not lead a reasonable consumer to make those two assumptions because it explicitly contradicts both.  The front label states that the Freezer Pops are "FLAVORED JUICE BLENDS FROM CONCENTRATE WITH OTHER NATURAL FLAVORS AND ADDED INGREDIENTS," dispelling exactly the misconceptions Plaintiff says he reached.  The Freezer Pops' ingredient statement conveys the same idea, listing ingredients including water, white grape juice concentrate, guar gum, natural flavors, and vegetable juice.  And even ignoring those statements (as Plaintiff appears to have done), the statement "100% JUICE" gives no indication about whether the juice is from concentrate or "expressed."  No reasonable consumer could look at the Freezer Pops' unambiguous, FDA-compliant label and reach the same conclusions Plaintiff claims he did.

Plaintiff's claims fail for three reasons.  *First*, they are barred and preempted by federal law.  As Plaintiff concedes in his Complaint, the Freezer Pops are accurately labeled as "100% juice" under FDA labeling rules, and their label includes an FDA-required disclosure noting that they contain "added ingredients."  Because the Freezer Pops' labels follow FDA rules, the safe-harbor doctrine bars

TRADER JOE'S COMPANY'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT

any claims stemming from those labels.  And because Plaintiff's claims assert violations of the federal Food, Drug & Cosmetics Act ("FDCA")—a federal law that has no private right of action and that only the FDA can enforce—his claims are also preempted.

*Second*, if Plaintiff was deceived by the Freezer Pops' label, it is because he did not actually read it, rendering his alleged interpretation of the label unreasonable.  Though he alleges in the complaint that he "attempts to eat 'clean'" and "tries to buy food products that are minimally processed or unadulterated," Plaintiff apparently never looked at the Freezer Pops' ingredient list, did not see the "added ingredients" disclosure on the front of the package, and did not consider other context that would have eliminated his confusion.  That is not the behavior of a reasonable consumer.  Had Plaintiff availed himself of the clear, unambiguous information printed on the Freezer Pops' packaging, he would have understood that the Freezer Pops contain juice from concentrate as well as other added ingredients.  Instead, he seems to have read only the statement "100% JUICE" and from that drawn an assumption that the rest of the label plainly dispels.  Plaintiff cannot bring a deception case based on his refusal to read the package.

*Third*, all of Plaintiff's claims are fraud-based, but his allegations do not meet the heightened pleading standards for such claims.  In particular, Plaintiff does not allege what labeling statements—other than "100% JUICE"—he actually read or how whichever statements he read caused him to believe that the Freezer Pops contained only expressed juice and nothing else.

Plaintiff seeks extraordinary relief—certification of a nationwide class of freezer-pop buyers and a range of monetary and other relief—all predicated on his unreasonable refusal to read a product's label before making a purchase.  All of his claims fail as a matter of law, and no amendment can cure them.  The Court should dismiss these claims with prejudice.

TRADER JOE'S COMPANY'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT

## II.    BACKGROUND

### A.    Procedural History

Plaintiff filed a putative Class-Action Complaint (the "Complaint" or "Compl.") against Trader Joe's in the Superior Court for the State of California on September 29, 2025, and served Trader Joe's on October 6, 2025.  Dkt. No. 1.  On November 4, 2025, Trader Joe's removed the action to this Court under the Class Action Fairness Act.  *Id.*

### B.    Summary of Allegations

Trader Joe's offers the Freezer Pops for sale in its retail stores.  Compl. ¶ 11.  The Freezer Pops' front label explains that they are "100% JUICE" and "FLAVORED JUICE BLENDS FROM CONCENTRATE WITH OTHER NATURAL FLAVORS & ADDED INGREDIENTS."  *See* Compl. ¶¶ 13, 19; Request for Judicial Notice ("RJN"), Ex. 1 to Declaration of Matt Sloan ("Ex. 1").  The ingredient statement also lists the Freezer Pops' ingredients.  Compl. ¶ 14.

Plaintiff Mario Palacios, alleges, on behalf of a purported class of nationwide consumers, that Trader Joe's labels and markets the Freezer Pops misleadingly or deceptively.  Compl. ¶¶ 11-22.  Specifically, Plaintiff pleads that the Freezer Pops, labeled "100% JUICE," mislead consumers to believe the Freezer Pops are "100% expressed juice, without concentrates, water, or other ingredients," when the Freezer Pops contain "non-Juice ingredients including water, natural flavors, malic acid, the thickening agent guar gum, and vegetable juice used as a coloring," Compl. ¶ 21.

Plaintiff also asserts that the Freezer Pops' front-label disclosure of "added ingredients" does not "accompany" the Freezer Pops' "100% JUICE" declaration because it is "placed far to the right and below the '100% Juice' declaration, in a small and largely unreadable font and in black type against a darker background."  Compl. ¶¶ 16-20.

Plaintiff alleges that a "reasonable consumer, viewing the front label of the

Freezer Pops, would not understand that the Freezer Pops contain substantial amounts of water, are made from concentrate, and contain a number of other non-juice ingredients, which is what the disclosure required by 21 C.F.R. § 101.30(b)(3) is designed to inform customers." Compl. ¶ 21. According to Plaintiff, he "reasonably relied on these label statements," and he and the putative class "would not have purchased the Products, or would have paid substantially less for the Products," if they knew the "truth." Compl. ¶¶ 26, 71.

Plaintiff asserts claims for violations of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*, unjust enrichment, and breach of implied warranty. Compl. ¶¶ 50-71. Plaintiff seeks, among other things, certification of the nationwide class, "disgorgement of Defendant's ill-gotten gains and restitution of Defendant's wrongful profits, revenue, and benefits," damages, declaratory relief, injunctive relief, and attorneys' fees. Compl. ¶¶ 36, 41, 45, 65, Prayer for Relief.

## III.    LEGAL STANDARDS

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6); *accord Dinan v. Sandisk LLC*, 2019 WL 2327923, at *3 (N.D. Cal. May 31, 2019). A claim is "plausible on its face" only when the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). While a court must accept a complaint's factual allegations as true at this stage, it need not accept "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Id.* at 678 (internal quotation marks and citations omitted); *see also Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."); *Bowler v. Nestle Health Sci. U.S.,*

TRADER JOE'S COMPANY'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT

*LLC*, 763 F. Supp. 3d 996, 1001 (C.D. Cal. 2025) ("[A] court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'") (citation omitted).

After stripping away the "conclusory statements" in the Complaint, the remaining factual allegations must do more than "create[] a suspicion of a legally cognizable right of action"; they must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (quotations omitted). Claims that hinge on fraud, like those asserted here, must also be pleaded with particularity under Rule 9(b). *See Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-27 (9th Cir. 2009) (applying Rule 9(b) to CLRA claim) (citation omitted); *Puri v. Khalsa*, 674 F. App'x 679, 690 (9th Cir. 2017) (applying Rule 9(b) to unjust enrichment claim). Rule 9(b) requires a plaintiff to describe with particularity the allegedly fraudulent statement, identify who made it, note where and when it was made, show that it was false when made, and describe how it was false. *Kearns*, 567 F.3d at 1124; *Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1055 (9th Cir. 2011); *Anthony v. Pharmavite*, 2019 WL 109446, at *2 (N.D. Cal. Jan. 4, 2019). All "averments which do not meet that standard should be 'disregarded' or 'stripped' from the claim for failure to satisfy Rule 9(b)." *Kearns*, 567 F.3d at 1124 (citation omitted).

A plaintiff asserting claims under California's Consumers Legal Remedies Act ("CLRA") bears the burden of proving that the challenged representations are false or misleading. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1095–96 (9th Cir. 2017); *see also Stanley v. Bayer Healthcare LLC*, No. 11CV862-IEG BLM, 2012 WL 1132920, at *3 (S.D. Cal. Apr. 3, 2012).

## IV.   ARGUMENT

### A.   Trader Joe's Followed FDA Rules, so Plaintiff's Claims Are Both Barred and Preempted.

The Freezer Pops comply with standard FDA labeling requirements, a fact that Plaintiff does not meaningfully dispute—and that dooms his claims. Because the Freezer Pops' label complies with FDA rules, the safe-harbor doctrine bars any claim stemming from that label. And even if the label somehow fell short of the FDA's requirements, Plaintiff's claims would be preempted because only the FDA—not private plaintiffs—can enforce FDA regulations.

#### i.   The Safe-Harbor Doctrine Bars Plaintiff's Claims.

Because the Freezer Pops comply with federal labeling requirements, the safe-harbor doctrine bars Plaintiff's claims. The safe-harbor doctrine creates an absolute barrier to imposing liability on defendants who comply with federal and state laws. *See Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999) (plaintiffs may not bring an action under the UCL if the defendants have complied with and are therefore immune under some other law); *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (product labeling that is affirmatively permitted by the FDCA falls within the safe harbor doctrine, which bars unfair competition claims under the UCL, CLRA, and FAL). Here, though Plaintiff asserts that the Freezer Pops' label does not meet federal requirements, his allegations prove otherwise.

Plaintiff alleges that because the Freezer Pops are a frozen-juice "freezer pop," it must comply with federal regulations governing juice products. Compl. ¶ 12. Those regulations require products to disclose the percentage of juice they contain, 21 C.F.R. § 101.30(b)(1), and they allow products with added ingredients to bear the label "100% juice" as long as they meet two requirements: (1) the non-juice ingredients cannot "result in a diminution of the juice soluble solids or, in the case of expressed juice, in a change in the volume"; and (2) "when the 100 percent

juice declaration appears on a panel of the label that does not also bear the ingredient statement, it must be accompanied by the phrase 'with added _____[.]'" 21 C.F.R. § 101.30(b)(3).

Plaintiff's allegations do not suggest that the Freezer Pops or their label failed to meet those requirements. Plaintiff concedes that the Freezer Pops are labeled "100% JUICE" in compliance with federal regulations.  Compl. ¶ 16 (conceding that the Freezer Pops' non-juice ingredients do not result in a diminution of the juice soluble solids); *see generally*, Compl. ¶¶ 11-33.  Plaintiff also concedes that the Freezer Pops' label includes a disclosure of added ingredients on the same panel as the "100% JUICE" declaration (i.e., the front panel) per 21 C.F.R. § 101.30(b)(3). *See generally*, Compl. ¶¶ 16-22.   That disclosure (the "Disclosure") states: "FLAVORED JUICE BLENDS FROM CONCENTRATE WITH OTHER NATURAL FLAVORS & ADDED INGREDIENTS."  RJN, Ex. 1.  All Plaintiff alleges is that the Disclosure does not "accompany" the "100% JUICE" declaration within the meaning of 21 C.F.R. § 101.30(b)(3) because, in Plaintiff's view, the Disclosure is "placed far to the right and below the '100% Juice' declaration, in a small and largely unreadable font and in black type against a darker background."  Compl. ¶ 20.

But even a cursory review of the Freezer Pops' front label contradicts that allegation.  As shown in the image below, Trader Joe's complies with FDA regulations at 21 C.F.R. § 101.30(b)(3) by providing the required disclosure of added ingredients on the same panel as the "100% JUICE" declaration.  RJN, Ex. 1.

TRADER JOE'S COMPANY'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT



Because the Freezer Pops comply with federal labeling regulations, Plaintiff's claims are barred under the safe harbor doctrine. *Ebner*, 838 F.3d at 963 (safe harbor barred challenges to the accurate net weight statement mandated by federal and state law); *see also Alaei v. Rockstar, Inc.*, 224 F. Supp. 3d 992, 1000-02 (S.D. Cal. 2016) (UCL and CLRA claims barred by safe harbor because the "Made in the U.S.A." labeling was expressly permitted by California law).

### ii.     Plaintiff's Claims are Impliedly Preempted.

The safe-harbor doctrine aside, Plaintiff's claims also fail because they amount to a private party's attempt to enforce compliance with the federal law. But there is no private right of action under the Federal Food, Drug & Cosmetic Act ("FDCA"), the federal law at issue here. 21 U.S.C. § 337; *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 349 n.4 (2001); *Coleman v. Medtronic, Inc.*, 223 Cal. App. 4th 413, 425 (2014). The FDA alone is responsible for investigating potential violations of the FDCA. 21 U.S.C. §§ 332–34, 372. So while citizens may petition the FDA to take administrative action, 21 C.F.R. §§ 10.25(a) and 10.30, the FDCA bars private enforcement: "all such proceedings for the enforcement, or to restrain violations, of [the FDCA] shall be by and in the name of the United States." 21 U.S.C. § 337(a).

Courts have found state-law claims impliedly preempted when they "conflict[] with the FDCA's enforcement scheme." *Perez v. Nidek Co.*, 711 F.3d 1109, 1119 (9th Cir. 2013); *see also Nexus Pharm., Inc. v. Cent. Admixture Pharm. Servs., Inc.*, 48 F.4th 1040 (9th Cir. 2022) (the FDCA's exclusive enforcement provision preempts state law claims that are, in substance, attempts to enforce the FDCA); *Bubak v. Golo, LLC*, 2025 WL 2860044, at *1 (9th Cir. Oct. 9, 2025) (the FDCA's exclusive enforcement provision preempts private actions brought under state law if the claim is functionally an attempt to enforce the FDCA or its incorporated regulations).

Here, the thrust of Plaintiff's claims is that the Disclosure, because of its

format or placement on the front label, does not "accompany" the "100% JUICE" label, as required by federal regulation.  That means "the existence of these federal enactments [governing juice labeling] is a critical element in [Plaintiff's] case," *Buckman Co.*, 531 U.S. at 353, so Plaintiff's claims function as an attempt to privately enforce the FDCA and therefore fail.

### B.    The Complaint Fails to Satisfy the Reasonable Consumer Test.

Plaintiff's claims stem from his interpretation of a single part of the Freezer Pops' label, stripped of the context the rest of the label provides.  That idiosyncratic and unreasonably narrow reading does not support a claim against Trader Joe's. The Freezer Pops' label—including the front-panel Disclosure, the names of the freezer pop flavors, and the ingredient statement—makes clear that the Freezer Pops are made of juice from concentrate with a few added ingredients.  And nothing about the label suggests, as Plaintiff insists, that the Freezer Pops contain "100% expressed juice"—that is, juice not from concentrate—or do not contain "concentrates, water, or other ingredients."  Compl. ¶ 21.  Indeed, Plaintiff's interpretation of the label appears to ignore every part of the label except for the "100% JUICE" statement.  This dooms Plaintiff's claims under the CLRA and for unjust enrichment, both of which require that a plaintiff act reasonably.  *See Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 785 (9th Cir. 2024) ("Plaintiff cannot simply look to [one] statement on the front panel, ignore the [others], and claim he has been misled."); *accord Sinatro v. Mrs. Gooch's Nat. Food Markets, Inc.*, 2023 WL 2324291, at *10 (N.D. Cal. Feb. 16, 2023 ("A 'rational consumer' would not 'simply assume' something about a product that they can 'plainly see.'") (quoting *Ebner*, 838 F.3d at 966); *Martin v. Natures Path Foods*, *Inc.*, 2025 WL 2684119, at *5 (C.D. Cal. Aug. 8, 2025) (finding "plaintiff's failure to identify an actionable deception in the context of the reasonable consumer test also requires the dismissal of her unjust enrichment claim.").

The "reasonable consumer" is not the "least sophisticated" or "unwary"

10

TRADER JOE'S COMPANY'S MOTION<br>TO DISMISS PLAINTIFF'S COMPLAINT

consumer. *La Barbera v. Ole Mexican Foods Inc.*, 2023 WL 4162348, at *10-11 (C.D. Cal. May 18, 2023), *appeal dismissed sub nom. LaBarbera v. Ole Mexican Foods, Inc.*, 2023 WL 11823366 (9th Cir. Sept. 27, 2023). Rather, the reasonable consumer is "intelligent, someone capable of analyzing different pieces of information, engaging in logical reasoning, and drawing 'contextual inferences' from a product and its packaging." *Id.* (quoting *Moore*, 4 F.4th 874, 882 (9th Cir. 2021)). So it is not enough for Plaintiff to allege that he was deceived or even that the Freezer Pops' label "might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Moore*, 4 F.4th at 882-83. Rather, he must establish "that a significant portion of the general consuming public…, acting reasonably in the circumstances, could be misled." *Ebner*, 838 F.3d at 965 (internal quotation marks and citations omitted). If the Court concludes that a reasonable consumer would not be deceived by the Freezer Pops' packaging, "dismissal is appropriate." *Hairston v. S. Beach Beverage Co.*, 2012 WL 1893818, at *4 (C.D. Cal. May 18, 2012); *see also Moore*, 4 F.4th at 882-83 ("where plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising, dismissal on the pleadings may well be justified") (citation omitted).

Here, no reasonable consumer would have been misled by the Freezer Pops' label. Again, the label's front-panel Disclosure expressly states that the Freezer Pops contain "FLAVORED JUICE BLENDS FROM CONCENTRATE" and "ADDED INGREDIENTS." Given that Disclosure, no reasonable consumer could understand the label to mean exactly the opposite—that they contain only expressed juice without any additional ingredients. Compl. ¶ 25. Likewise, the Freezer Pops' ingredient statement explains the Freezer Pops' composition and lists the Freezer Pops' added ingredients. Compl. ¶ 14; RJN, Ex. 1. And one of the Freezer Pops' listed flavors— "Cherry Limeade"—also alert consumers to the potential presence of other ingredients. These prominent disclosures make clear exactly what the

11    TRADER JOE'S COMPANY'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT

Freezer Pops contain, and Plaintiff cannot claim he was misled simply because he ignored them. As one court put it, "[w]hat ultimately dooms Plaintiff's claims is that Defendant tells the consumer exactly what [he] is getting: the package actually disclosed the fact that Plaintiff complains it omits." *Lokey v. CVS Pharmacy, Inc.*, 2021 WL 633808, at *5 (N.D. Cal. Feb. 18, 2021). Just so here: Plaintiff cannot manufacture deception by selectively ignoring the Freezer Pops' unambiguous disclosures. Indeed, the notion that Plaintiff was misled at all strains credulity. His alleged interpretation of the label implies that he did not read past the label's first five words, an implication at odds with other allegations. Specifically, Plaintiff also alleges that he "attempts to eat 'clean'" and "tries to buy food products that are minimally processed or adulterated," Compl. ¶ 10—suggesting that he knows how to read food labels or at least does not ignore things like ingredient statements.

### i. The Freezer Pops' Front Label Forecloses Plaintiff's Unreasonable Interpretation of "100% JUICE."

The Freezer Pops' front label explicitly states that it is made "from concentrate with other natural flavors and added ingredients." This forecloses any possibility that a reasonable consumer would read "100% JUICE" and believe the Freezer Pops "contain[s] only expressed juice and was not made from concentrate." Compl. ¶ 25. A reasonable consumer cannot "look at only one statement" on a front label "to the exclusion of everything else and claim he has been misled," though that is just what Plaintiff appears to have done here. *Bobo v. Optimum Nutrition, Inc.*, 2015 WL 13102417, at *5 (S.D. Cal. Sept. 11, 2015). Rather, a reasonable consumer must "take into account all the information available to consumers and the context in which that information is provided." *Moore*, 4 F.4th at 882; *accord Freeman v. Time, Inc.*, 68 F.3d 285, 289-90 (9th Cir. 1995) (holding plaintiff's argument that a reasonable consumer would "ignore the qualifying language in small print" was "unreasonable in the context of the entire document"). Where, as here, there is "no deceptive act to be dispelled," there is no basis to

conclude that a reasonable consumer would be deceived. *Ebner*, 838 F.3d at 966.

For example, in *Whiteside v. Kimberly Clark Corp.*, the plaintiff alleged that a variety baby wipes were deceptively labeled because the words "plant-based wipes*" on the front labels suggested the products contained only natural or plant-derived ingredients, when in fact the products contained synthetic ingredients. 108 F.4th at 774. But for several versions of the product, the front label also contained the clarifying statement "*70% by weight." *Id.* at 775-76. The Ninth Circuit affirmed dismissal of the plaintiffs' claims as to the products that included this clarifying statement, noting that "a reasonable consumer would not simply assume the [products] contain 100% natural ingredients when she can plainly see that the wipes are 70% plant-based by weight." *Id.* at 784-85. In other words, the Ninth Circuit recognized that a plaintiff "cannot simply look to [one] statement on the front panel, ignore the [others], and claim he has been misled." *Id.*

Similarly, in *Bobo v. Optimum Nutrition*, a whey-protein powder was prominently labeled "100% WHEY" in the largest typeface on the front label, and a smaller statement at the bottom of the front label clarified that 100% of the product's protein was from whey. 2015 WL 13102417, at *1-2. The plaintiff alleged that the "100% WHEY" statement misled consumers into thinking the product was entirely protein, when in fact the product only contained 79% protein per serving. *Id.* at *2. The court dismissed the plaintiff's claim, pointing to the clarifying statement and to other statements on the label, including those noting that the product was "Naturally & Artificially Flavored" and was "DOUBLE RICH CHOCOLATE" flavored. *Id.* at *4. These statements, the court found, "would tell a reasonable consumer that the 100% above indicates that the protein is from a single source, whey, rather than that the contents, artificial and natural flavors and all, are entirely protein." *Id.*

Like the front labels in *Whiteside* and *Bobo*, the Freezer Pops' front label includes clear, unambiguous statements that contradict Plaintiff's interpretation and

TRADER JOE'S COMPANY'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT

thus renders it unreasonable.  The front label explicitly states: "**FLAVORED JUICE BLENDS FROM CONCENTRATE WITH OTHER NATURAL FLAVORS & ADDED INGREDIENTS.**"  RJN, Ex. 1; Compl. ¶¶ 13, 19-20.  The Disclosure appears in a black typeface, in all capital letters, starkly contrasting a hot pink background, and it plainly tells consumers that the Freezer Pops are made from concentrate and contains additional ingredients.  *Id.*  While the Complaint mischaracterizes the Disclosure as "small" and "hard-to-read[,]" Compl. ¶¶ 19-20, Plaintiff cannot and does not allege that the Disclosure is inconspicuous or illegible.  The Disclosure is apparent to anyone who looks at the front label.  *See Elliott v. Conagra Brands, Inc.*, 2024 WL 3275567, at *4 (E.D. Cal. July 1, 2024) (dismissing mislabeling claim where a clarifying front label statement "printed in yellow text, a stark contrast to the surrounding white words, against a green background" in the bottom lefthand corner was "clearly visible to the consumer who takes the time to pick up the product and look at the front label").

So while Plaintiff ignores the Disclosure and unreasonably reads "100% JUICE" in isolation,  Compl. ¶ 25, that reading does not support a claim.  That is because "[i]gnoring legible and clear statements on the front of the label" amounts to "viewing the product in an unreasonable manner."  *Bobo*, 2015 WL 13102417 at *5; *accord La Barbera*, 2023 WL 4162348, at *10 (The reasonable consumer "does not just view one phrase…in isolation, but looks at the entirety of the packaging together…and the 'context in which that information is provided and used.'").  This is particularly true here where Plaintiff alleges that he "attempts to eat 'clean'" and "tries to buy food products that are minimally processed or adulterated," Compl. ¶ 10—and therefore is even more likely as compared to the reasonable consumer to inspect and scrutinize label disclosures.

### ii. Plaintiff's Argument That the Disclosure Does Not "Accompany" the "100% JUICE" Declaration Also Fails.

Plaintiff further alleges that a reasonable consumer would be misled because

the Disclosure does not "accompany" the "100% JUICE" representation, and because the proximity of the Disclosure "does not appear to modify or otherwise relate to" the "100% JUICE" representation, Compl. ¶ 20, but this argument fails for two reasons. *First*, the Disclosure appears roughly two inches away from the "100% JUICE" representation. *See* RJN, Ex. 1 (showing scale of Product label). A reasonable consumer would understand that the Disclosure's reference to "flavored juice blends" corresponds to—and describes the same product as—the "100% JUICE" statement, and a two-inch gap between them does not alter that understanding. *Id.*; *see Sponchiado v. Apple Inc.*, 2019 WL 6117482, at *4 (N.D. Cal. Nov. 18, 2019) (finding plaintiffs "cannot ignore the obvious language" that appears "approximately 10 lines down" from the advertisement's primary promise); *accord Elliott*, 2024 WL 3275567 at *1-3 (finding no reasonable consumer would disregard vegetable butter spread's exact oil content as printed on the bottom corner of the front label in smaller text). *Second*, the Disclosure immediately follows the Freezer Pops' named flavors—*i.e.*, "Orange," "Berry," and "Cherry Limeade." *See* RJN, Ex. 1; Compl. ¶ 20-21. Given the immediate proximity to the named flavors, a reasonable consumer would understand that the Disclosure applies to the contents of the Freezer Pops. *See Pappas v. Naked Juice Co. of Glendora, Inc.*, 2012 WL 1925598, at *2 (C.D. Cal. May 14, 2012) (granting motion to dismiss without leave to amend where "from concentrate" representations appeared in close proximity "to the named juices"). Indeed, it is not clear from Plaintiff's pleadings what else the Disclosure could possibly refer to, if not the Freezer Pops' contents.

### iii. The Freezer Pops' Ingredient Statement Forecloses Plaintiff's Unreasonable Interpretation "100% JUICE."

Like the Disclosure, the Freezer Pops' ingredient statement eliminates any chance that a reasonable consumer could understand the Freezer Pops' label in the way Plaintiff allegedly did. The ingredient statement, with even more detail than the front panel's Disclosure, only confirms that the Freezer Pops contain juice

concentrate (not expressed juice) and other ingredients. Reasonable consumers know where to find a food product's ingredient statement and know that it contains detailed information about the Freezer Pops' composition. *See*, *e.g.*, *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939-40 (9th Cir. 2008) ("[R]easonable consumers expect that the ingredient list contains more detailed information about the product that confirms other representations on the packaging."). With limited exceptions, none of which apply here, FDA regulations require ingredient statements to list all of a product's ingredients in descending order of predominance. *See* 21 C.F.R. § 101.4(a). Consumers are widely familiar with the purpose and format of the ingredient statement, which appears on countless food products in their homes. *Workman v. Plum, Inc.*, 141 F. Supp. 3d 1032, 1035-36 (N.D. Cal. 2015) (reasonable consumer would understand the ingredient statement to communicate the constituent ingredients and their order of predominance). The ingredient statement is therefore part of the context that a reasonable consumer must consider. *Moore*, 4 F.4th at 882 ("[D]eceptive advertising claims should take into account all the information available to consumers and the context in which that information is provided and used") (citation omitted); *Hodges v. King's Hawaiian Bakery W., Inc.*, 2021 WL 5178826, *7 (N.D. Cal. Nov. 8, 2021) ("A reasonable consumer is not free to ignore the ingredient list on a food package."); *Cheslow v. Ghirardelli Chocolate Co.*, 445 F. Supp. 3d 8, 20 (N.D. Cal. 2020) (finding the front label's reference to "white chips" would not connote the presence of "white chocolate" because the ingredients list did not include the words chocolate or cocoa).

Here, the Freezer Pops' ingredient statement discloses the presence of the very ingredients Plaintiff allegedly believed would be absent—"water, natural flavors, malic acid, the thickening agent guar gum, and vegetable juice used as a coloring." Compl. ¶14. This is perfectly consistent with the Freezer Pops' front-label Disclosure, which notifies consumers that the Freezer Pops contain "ADDED INGREDIENTS." And because the ingredient statement and the Disclosure are

consistent, there is "no deceptive act to be dispelled." *Ebner*, 838 F.3d at 966 (dismissing false-advertising claims in part because the product's packaging accurately stated the net weight in compliance with state and federal law and the weight representation did not "contradict other representations or inferences on [defendant's] packaging" about the amount of accessible product); *accord Stiles v. Trader Joe's Co.*, 2017 WL 3084267, at *4 (C.D. Cal. Apr. 4, 2017) (finding reasonable consumers could not be misled to believe a product contained maple syrup because front label's use of the term "maple" was consistent with the ingredients list, which included "brown sugar," "natural flavors," and no reference to maple syrup).

### iv. The Freezer Pops' Named Flavors Also Alert Consumers to the Presence of Additional Ingredients.

Yet another part of the label also renders Plaintiff's interpretation unreasonable: the Freezer Pops' named flavors, specifically "Cherry Limeade." RJN, Ex. 1; Compl. ¶¶ 13, 19-20.  That name alone would alert a reasonable consumers that the Freezer Pops may contain water and other added ingredients. "Cherry Lime*ade*" is not a fruit but a beverage—and like any other "ade" would typically contain fruit juice as well as added ingredients like water and sugar.  *See Johnson-Jack v. Health-Ade LLC,* 587 F. Supp. 3d 957, 965 (N.D. Cal. 2022) (recognizing the dictionary definition of "ade" "alert[s] reasonable consumers to the presence of sugar"); *see also* RJN Ex. 2 (Merriam-Webster Dictionary defines "limeade" as "a beverage of *sweetened* lime juice *mixed with plain or carbonated water*") (emphasis added).  Thus, a reasonable consumer would read the suffix "ade" as conveying the presence of non-juice ingredients and would ***not*** conclude that a "Cherry Limeade" product contains only cherry juice and lime juice.  Indeed, the law presumes reasonable consumers "understand[] the general characteristics of the products they purchase."  *Vitort v. Kroger Co.*, 2023 WL 3143690, at *2 (9th Cir. Apr. 28, 2023) (finding reasonable consumers would not interpret a fruit

TRADER JOE'S COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

spread's promise of "just fruit" to connote the absence of added sugars because "spreadable fruit products tend to contain added sugars"); *Werbel v. Pepsico, Inc.*, No. C 09–04456 SBA, 2010 WL 2673860, at *3–5 (N.D. Cal. July 2, 2010) (holding no reasonable consumer would believe that Cap'n Crunch's "Crunch Berries" cereal contained real berries); *McKinnis v. Kellogg USA*, No. CV 07-2611 ABC (RCx), 2007 WL 4766060, at *3-5 (C.D. Cal. Sept. 19, 2007) (dismissing CLRA claim because no reasonable consumer would believe "Froot Loops" contain real fruit).  This, too, renders unreasonable Plaintiff's position that consumers "would not understand that the Products contain substantial amounts of water, are made from concentrate, and contain a number of non-juice ingredients."  Compl. ¶ 21.

### C.  Plaintiff's Claims of Fraudulent Conduct Must Be Dismissed for Failure to Meet Rule 9(b)'s Heightened Pleading Standard.

All of the Plaintiff's claims must also be dismissed because Plaintiff fails to allege them with the particularity required by Rule 9(b).  Rule 9(b) applies to all of Plaintiff's claims because he alleges a "unified course of fraudulent conduct" (*i.e.*, that Trader Joe's misrepresented that the Freezer Pops contain 100% Juice) as the basis of each claim.  *See Kearns*, 567 F.3d at 1125 (holding "the pleading…as a whole must satisfy the particularity requirement of Rule 9(b)" where claims are said to be "grounded in fraud" or "to sound in fraud"); *Buckley v. BMW N. Am.*, 2020 WL 3802905, at *7 (C.D. Cal. Mar. 9, 2020) ("Fraud-based claims, even those arising under the CRLA…are governed by Rule 9(b)."); *Puri*, 674 F. App'x at 690 ("Because the unjust enrichment claim is based on fraud, it too is subject to Rule 9(b).").

Although Plaintiff alleges to have "reasonably relied on [the Freezer Pops'] label statements," Comp. ¶ 26, he fails to allege what, beyond the "100% JUICE" declaration he read, Compl. ¶ 25, and how he came to rely on the Freezer Pops' "statements."  And while the Complaint includes the conclusory allegation that the

Disclosure is "hard-to-read[,]" *id.* at ¶ 19, the Complaint never actually alleges whether the Plaintiff read the Disclosure, whether he interpreted it in the manner generically alleged in the Complaint, or how the Disclosure affected his purchasing decision.  The same is true for the ingredient statement and flavor names.  Thus, Plaintiff's allegations are insufficient and do not satisfy Rule 9(b)'s particularity requirement.  *See Anthony*, 2019 WL 109446, at *5 (dismissing false advertising claim because complaint failed to adequately plead, with any particularity, whether plaintiffs read a particular disclaimer and how the disclaimer affected their purchasing decision); *Bird v. First Alert, Inc.*, 2015 WL 3750225, at *9 (N.D. Cal. June 15, 2015) (dismissing CLRA claim under Rule 9(b) where the complaint "fail[ed] to plead facts showing…when plaintiff reviewed [the] disclosures,…what disclosures she reviewed"); *accord Chase v. Hobby Lobby Stores, Inc.*, 2017 WL 4358146, at *9 (S.D. Cal. Oct. 2, 2017) (dismissing false advertising claim for failure to satisfy Rule 9(b) because plaintiff did not allege whether she saw the asterisk in the challenged advertisement or if she read the corresponding disclaimer).

Accordingly, Plaintiff's claims, each of which alleges fraudulent misrepresentation, must be dismissed.

### D. Plaintiff's Ancillary Claims for Breach of the Implied Warranty and Unjust Enrichment Likewise Fail.

Plaintiff's breach of implied warranty claim fails because, as explained above, there is no "actionable representation." *Weiss v. Trader Joe's*, 838 F. App'x 302, 303 (9th Cir. 2021) (affirming dismissal of breach of warranty claims where premised on the same representations as consumer protection claims). And both Plaintiff's implied-warranty and unjust-enrichment claims also should be dismissed for the simple, independent reason that Plaintiff "fail[s] to allege which state law governs [either] common law claim." *Romero v. Flowers Bakeries, LLC*, 2016 WL 469370, at *12 (N.D. Cal. Feb. 8, 2016) (dismissing common law claims brought

TRADER JOE'S COMPANY'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT

by putative nationwide class, including claims for breach of warranty and unjust enrichment); *see also*, *e.g.*, *Ramirez v. Bank of Am., N.A.*, 607 F. Supp. 3d 969, 979 (N.D. Cal. 2022) ("If plaintiffs choose to file an amended complaint and include a nationwide class, they must identify the state law applicable to any common law claims made on behalf of a nationwide class."); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 781 F. Supp. 2d 955, 966 (N.D. Cal. 2011) ("a plaintiff must specify the state under which it brings an unjust enrichment claim" rather than asserting an amorphous nationwide claim). It is Plaintiff's burden to state the basis for their claims—not this Court's job to guess what they may be. *In re Trader Joe's Co. Dark Chocolate Litig.*, 726 F. Supp. 3d 1150, 1173 (S.D. Cal. 2024) (dismissing implied warranty and unjust enrichment claim because the "Court should not have to speculate as to the law applicable to any claim.").

### E.   Amendment is Futile.

Plaintiff's claims fail as a matter of law, and he cannot save them through amendment. His claims are barred by the safe-harbor doctrine and impliedly preempted, and they all stem from Plaintiff's unreasonable interpretation of one part of the Freezer Pops' label and his refusal to look at every other part of the label. Plaintiff simply cannot square his idiosyncratic expectations about the Freezer Pops' contents with the Freezer Pops' clear, unambiguous disclosures about the same. Thus, Plaintiff cannot save his Complaint through amendment, and the Court should dismiss it without leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."); *Mier v. CVS Pharmacy, Inc.*, 2025 WL 1905109, at *1 (9th Cir. July 10, 2025) (dismissing consumer protection claims without leave to amend where plaintiff "did not plausibly allege that a reasonable consumer would be misled or confused by the labels").

### V.   CONCLUSION

For the reasons stated herein, Trader Joe's respectfully seeks an order

TRADER JOE'S COMPANY'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT

dismissing Plaintiff's Complaint with prejudice.


Dated:  December 3, 2025                 O'MELVENY & MYERS LLP
                                         DAWN SESTITO
                                         MARTHA HUTTON
                                         NATALIE D. CAMASTRA


                                         By:     */s/ Dawn Sestito*
                                                  Dawn Sestito

                                         Attorneys for Defendant
                                         Trader Joe's Company

21                                  TRADER JOE'S COMPANY'S MOTION
                                    TO DISMISS PLAINTIFF'S COMPLAINT