DAWN SESTITO (S.B. #214011)
dsestito@omm.com
NATALIE CAMASTRA (S.B. #324719)
ncamastra@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, Suite 1900
Los Angeles, California 90071-2899
Telephone: +1 213 430 6000
Facsimile: +1 213 430 6407

MARTHA HUTTON (S.B.# 279335)
mhutton@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
Telephone: +1 202 383 5300
Facsimile: +1 202 383 5414

*Attorneys for Defendant*
*Trader Joe's Company*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO PALACIOS, *individually and on behalf of all those similarly situated,* | Case No. 2:25-cv-10584-CV-AGRx |
| Plaintiff, | **DEFENDANT TRADER JOE'S COMPANY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT** |
| v. | |
| TRADER JOE'S COMPANY, *a California corporation,* | |
| Defendant. | Judge: Hon. Cynthia Valenzuela<br>Hearing Date: January 30, 2026<br>Hearing Time: 10:30 am<br>Courtroom: 10B |

# REQUEST FOR JUDICIAL NOTICE

## I.    INTRODUCTION

Defendant Trader Joe's Company ("Trader Joe's") respectfully requests that the Court take judicial notice of the material presented in the following documents for purposes of evaluating Trader Joe's concurrently filed Motion to Dismiss Plaintiff's Class Action Complaint (the "Complaint" or "Compl."):

- **Exhibit 1 to the concurrently filed Declaration of Matt Sloan** (the "Sloan Declaration" or "Sloan Decl."), which depicts a true and correct copy of the label for Trader Joe's Organic Freezer Pops (the "Product" or "Freezer Pops");

- **Exhibit 1 to the concurrently filed Declaration of Natalie D. Camastra** (the "Camastra Declaration or Camastra Decl."), which depicts a true and correct copy of the definition of the word "limeade" as "a beverage of sweetened lime juice mixed with plain or carbonated water," as taken from the Merriam-Webster Dictionary, accessed from https://www.merriam-webster.com/dictionary/limeade on December 3, 2025.

## II.    ARGUMENT

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court typically will not consider material outside the four corners of the complaint. *See, e.g.*, *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). However, under the incorporation by reference doctrine, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a 12(b)(6) motion to dismiss." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (citations omitted); *accord Ritchie*, 342 F.3d at 907-08 ("Even if a

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS
3:25-CV-08473-TLT

document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."); *Jones v. Nutiva, Inc.*, 2016 WL 5210935, at \*2 (N.D. Cal. Sept. 22, 2016) (granting request for judicial notice under the incorporation by reference doctrine where "the Products' labels form the basis of Plaintiff's complaint, and there is no dispute as to their authenticity"); *Cheslow v. Ghirardelli Chocolate Co.*, 445 F. Supp. 3d 8, 15 (N.D. Cal. 2020) (same).

In addition, Federal Rule of Evidence 201 permits a court to take judicial notice of an adjudicative fact that is not subject to reasonable dispute because it is either "generally known within the trial court's territorial jurisdiction" or can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999-1001 (9th Cir. 2018)*; *accord Ritchie*, 342 F.3d at 908–09. When ruling on a motion to dismiss, a court must take judicial notice of adjudicative facts if it is supplied with the required information and is requested by a party. Fed. R. Evid. 201(d); *Tellabs, Inc. v. Makor*, 551 U.S. 308, 322 (2007); *Khoja*, at 999-1001, *aff'd in part*, 805 F. App'x 525 (2020); *accord Ritchie*, 342 F.3d at 908–09. Both of the submitted exhibits meets this standard and therefore are the proper subjects of judicial notice.

### A.    Trader Joe's Organic Freezer Pops Product Label

The label of Trader Joe's Organic Freezer Pops, the product at issue in Plaintiff's Class Action Complaint, may be considered by the Court in adjudicating Trader Joe's motion to dismiss under the doctrine of incorporation by reference. Courts routinely grant requests for judicial notice of product labels where, as here, the labels are referenced in the complaint and/or are central to a plaintiff's claims. *See*, *e.g.*, *Jones v. ConAgra Foods, Inc.*, 912 F. Supp. 2d 889, 903 n.7 (N.D. Cal. 2012) ("The Hunt's tomato paste label is properly judicially noticeable because it is referenced in the complaint."); *Lam v. Gen. Mills, Inc.*, 859 F. Supp. 2d 1097, 1100

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS
3:25-CV-08473-TLT

(N.D. Cal. 2012) (taking "judicial notice of the packaging of Fruit Roll-Ups and Fruit by the Foot" because complaint "targets" these products); *Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973, 977 n.3 (C.D. Cal. 2013) (granting judicial notice of labeling on the defendant's pasta packaging where the plaintiff referred to the labels in the complaint); *Anderson v. Jamba Juice Co.*, 888 F. Supp. 2d 1000, 1003 (N.D. Cal. 2012) (taking judicial notice where "neither party contests the authenticity of the pictures of the Jamba Juice smoothie kits' packaging, and because these food product labels form the basis for Plaintiff's allegations").

Here, Exhibit 1 to the Sloan Declaration—the Product's label—is referenced throughout the Complaint.  The Plaintiff includes depictions of parts of the label, and relies on statements on the label as the basis for his claims that Plaintiff allegedly "read and believed" the statements on the label, which forms the basis of his claim that he was "misled."  *See*, *e.g.*, Compl. ¶¶ 13–14, 20, 25-27, 36, 46, 54-55, 60.

Judicial notice of the Product's label is warranted here because Exhibit 1 to the Sloan Declaration offers a "more complete and more legible" depiction of the Product's label.  *Jones*, 2016 WL 5210935, at *2.  Plaintiff includes images of the Organic Freezer Pops label in the Complaint, but those images are small, incomplete, only show a portion of the label, and don't include the labels for the individually packed Organic Freezer Pops.  *See e.g.*, Compl. ¶¶ 13-14, 20; *see also McKinnis v. Gen. Mills, Inc.*, No. CV 07–2521 GAF (FMOx), 2007 WL 4762172, at *3–4 (C.D. Cal. Sept. 18, 2007) (taking judicial notice of product labels where labels attached to the complaint were insufficient).

In particular, Plaintiff's images of the Product label are low quality and blur language that is key to Trader Joe's Motion to Dismiss.  *Compare* Compl. ¶¶ 13-14, 20, *with* Sloan Decl., Ex. 1.  Courts regularly grant judicial notice of images that "better display" a product's packaging.  *Cheslow*, 445 F. Supp. 3d at 15; *see also Prescott v. Nestle USA, Inc.*, 2020 WL 3035798, at *2 (N.D. Cal. June 4, 2020)

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS
3:25-CV-08473-TLT

(granting judicial notice of "images [that] show the Product package more clearly and more completely than the image included in the [complaint]"); *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1087 (N.D. Cal. 2017) (granting judicial notice of Raisin Bran packaging where the complaint "contains an image of the packaging in question, but omits the nutrition labeling on the side[.]"); *McKay v. Sazerac Co., Inc.*, 2023 WL 3549515, at *2 (N.D. Cal. May 17, 2023) (holding "clear depictions of images located in the complaint as a blurry photograph" are "proper for judicial notice").

Additionally, the authenticity of the Product's label is not subject to dispute. Sloan attested to the authenticity of the label. *See* Sloan Decl. ¶¶ 1-3. And even a cursory comparison of Exhibit 1 to the Sloan Declaration against the images appended to the Complaint confirms that the labels are substantially similar, if not identical, in all material respects.

Because the label is central to the Complaint and Plaintiff relies on it as it basis of his claims, the label as attached to the Sloan Declaration as Exhibit 1 is judicially noticeable under the incorporation by reference doctrine, and its contents are properly considered in evaluating Trader Joe's Motion to Dismiss. *See Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973, 976 n.3 (C.D. Cal. 2013) (finding although "the Court generally looks only at the face of the complaint and the documents attached thereto" the court "may consider" images of the products' labeling because the complaint "refers" to the product label).

**B.     Merriam-Webster Definition of "Limeade"**

The definition of "limeade" provided by Merriam-Webster is properly subject to judicial notice under Federal Rule of Evidence 201(b).

As previously stated, a court may take judicial notice of a fact "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also*

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS
3:25-CV-08473-TLT

*Khoja,* 899 F.3d at 999, 1001; *accord Ritchie*, 342 F.3d at 908–09.

The definition on the Merriam-Webster webpage is publicly available, and is therefore generally known within the trial court's territorial jurisdiction. *See Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 259 n.2 (9th Cir. 2013) (taking judicial notice of facts in newspaper and magazine articles); *Heliotrope v. Ford*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial notice of "information contained in news articles submitted by the defendants"); *Datel Holdings v. Microsoft*, 712 F. Supp. 2d 974, 985 (N.D. Cal. 2010) (taking judicial notice of statements in the public realm); *In re Guess?*, 174 F. Supp. 2d 1067, 1068 n.1 & 1071 (C.D. Cal. 2001) (taking judicial notice of facts in SEC filings, stock prices and newspaper articles on a motion to dismiss).

Courts routinely judicially notice dictionary definitions of English words and phrases which describe the "plain, unambiguous, and common meaning of terms" because dictionaries are well-established sources that are easily identifiable, and dictionaries are frequently relied upon for their definitions of words, so their accuracy cannot be reasonably be questioned. Fed. R. Evid . 201(b); *see also Reserve Media, Inc. v. Efficient Frontiers, Inc.*, 2017 WL 123420, at *5 (C.D. Cal. Jan. 11, 2017) (taking judicial notice of online dictionary definition of term "gateway" in analyzing trademark validity of mark "RESERVE GATEWAY"); *see also Solid 21, Inc. v. Breitling USA Inc.*, 2011 WL 2938209, at *4 (C.D. Cal. July 19, 2011) ("A dictionary definition is a proper subject of judicial notice.")

## III.    CONCLUSION

For the foregoing reasons, Trader Joe's respectfully requests that this Court take judicial notice of Exhibit 1 to the Sloan Declaration and Exhibit 1 to the Camastra Declaration.

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS
3:25-CV-08473-TLT

Dated:  December 3, 2025

O'MELVENY & MYERS LLP
DAWN SESTITO
MARTHA HUTTON
NATALIE D. CAMASTRA


By: ___*/s/ Dawn Sestito*___
Dawn Sestito

Attorneys for Defendant
Trader Joe's Company

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS
3:25-CV-08473-TLT