Charles C. Weller (SBN: 207034)
legal@cweller.com
CHARLES C. WELLER, APC
11412 Corley Court
San Diego, California 92126
Tel: 858.414.7465
Fax: 858.300.5137

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO PALACIOS, *individually and on behalf of all those similarly situated*,<br><br>      *Plaintiff,*<br><br>*v.*<br><br>TRADER JOE'S COMPANY, *a California corporation*,<br><br>      *Defendant.* | No. 2:25-cv-10584-CV-AGRx<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br><br>Hon. Cynthia Valenzuela<br><br>Date: January 30, 2026<br>Time: 10:30 am<br>Courtroom: 10B<br>Filed: September 29, 2025<br>Trial Date: Not set |

_____

Plaintiff Mario Palacios, by and through his undersigned attorney, files this Opposition to the Defendant's Request for Judicial Notice ("RJN") [D.E. 15-2], and states the following.

"The [C]ourt may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial

jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Alternatively, the Court may "consider materials that are submitted with and attached to the Complaint. [The Court] may also consider unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011). However, the Ninth Circuit has cautioned against the "unscrupulous use of extrinsic documents" under these exceptions, which "risks premature dismissals of plausible claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998–99 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 2615 (2019).

Defendant requests the Court to take judicial notice of two documents. Plaintiff opposes both requests.

### A.    The Products' "Label Design" [Sloan Declaration Exh. 1]

First, Trader Joe's requests the Court take notice of what the Sloan Declaration [D.E. 15-4] describes as "the label design for … Trader Joe's Organic Freezer Pops." Sloan Decl. ¶¶ 2.

Trader Joe's requests judicial notice of this label design on the ground that "[c]ourts routinely grant requests for judicial notice of product labels where, as here, the labels are referenced in the complaint and/or are central to a plaintiff's claims." RJN at 2. Yet, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999–1000. In fact, it is "improper to assume the truth [even] of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* at 1003.

The same is true of **_inferences_** from the contents of documents subject to judicial notice. *See, e.g., Patel v. Parnes,* 253 F.R.D. 531, 546 (C.D. Cal. 2008)

-2-

(taking judicial notice of the content of SEC forms, but "[t]he truth of the content, and the inferences properly drawn from them, however, is not a proper subject of judicial notice under Rule 201"); *Gerritsen v. Warner Bros. Ent. Inc.,* 112 F. Supp. 3d 1011, 1032 (C.D. Cal. 2015) (same). This principle is consistent with "the prohibition against resolving factual disputes at the pleading stage," as well as the requirement that inferences on a motion to dismiss be drawn in the non-movant's favor. *Khoja,* 899 F.3d at 1003.

Defendant employs not just the fact of this label design but also asks the Court to rely on this label design to dispute well-pleaded facts alleged in the Complaint and make factual inferences from the label design in its favor. *See* Memo. [D.E. 15-1] at 7 (relying on the Exhibit 1 to argue that Plaintiff "concedes that the Freezer Pops' label includes a disclosure of added ingredients"); 14 (relying on Exhibit 1 to argue that Plaintiff "mischaracterizes the Disclosure as 'small' and 'hard-to-read'"); 14 (relying on Exhibit 1 to argue that the disclaimer "appears in a black typeface, in all capital letters, starkly contrasting a hot pink background, and it plainly tells consumers that the Freezer Pops are made from concentrate and contains additional ingredients"). Drawing these inferences in Defendant's favor on a motion to dismiss is improper under Federal Rule of Evidence Rule 201 and Federal Rule of Civil Procedure 12(b)(6). *See Khoja*, 899 F.3d at 999–1000. To this extent, Plaintiff opposes the Request for Judicial Notice.

Moreover—as the RJN and Sloan Declaration both hint at without quite admitting—the Products' "label design" in Exhibit 1 is not the Products' *label*, but a resized, computer-generated mock-up equivalent to a printer's file or architectural rendering. To that extent, there are significant questions concerning whether it accurately reflects the label as encountered by a consumer such as Mr. Palacios under normal conditions of purchase. By contrast, the Products' label as depicted in Complaint ¶ 13 is a photograph of the actual product purchased by Mr.

Palacios. Taking judicial notice of, and drawing inferences in Defendant's favor from, a third-hand computer-generated rendering of the Products' label is especially inappropriate when there is easy recourse to photos of the actual product Mr. Palacios bought.

### B.   Definition of "Limeade"

Then, Defendant seeks judicial notice of a Merriam-Webster dictionary definition of the word "limeade." Once again, Defendant requests that the Court draw inferences in its favor from this dictionary definition, to the effect that a "reasonable consumer would read the suffix 'ade' as conveying the presence of non-juice ingredients." Memo. 17.

Under Rules 201 and 12(b)(6), it is improper for a court to "judicially notice [dictionary] definitions as controlling" of "any matter that is reasonably disputed." *Best Buy Stores, L.P. v. Manteca Lifestyle Ctr., LLC*, 859 F. Supp. 2d 1138, 1146 (E.D. Cal. 2012).[1] Here, the meaning, import, and inferences to be drawn from the placement of the disclaimer next to the Products' flavor description (as opposed to adjacent to the 100% Juice declaration) is clearly in reasonable dispute. Thus, to this extent, Plaintiff opposes the Request for Judicial Notice. *See Khoja*, 899 F.3d at 999–1000.

---

[1] Of course, in his Opposition Plaintiff relies on dictionary definitions of the word "accompany" to interpret the meaning of "accompany" as used in 21 C.F.R. § 101.30(b)(3). This is appropriate, for several reasons. First, Plaintiff does not request judicial notice of these definitions as controlling but offers them for "consideration in interpreting the" meaning of the regulation, which is permitted. *Best Buy Stores*, 859 F. Supp. 2d at 1146. Indeed, the Supreme Court has explicitly **_directed_** courts to look to dictionary definitions of undefined terms in regulations. *See, e.g., FCC v. AT&T Inc.*, 562 U.S. 397, 403 (2011); *Yates v. United States*, 574 U.S. 528, 537 (2015). Moreover, several of these dictionary definitions are actually pleaded in the Complaint. *See* Compl. ¶ 17. Finally, to the extent the Court draws inferences from these dictionaries in *Plaintiff's* favor, on a Rule 12(b)(6) motion that is permitted—not the opposite. *See Khoja*, 899 F.3d at 999–1000.

PLAINTIFF'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE

For three reasons, refusing to take judicial notice of this dictionary definition, or draw an inference from it regarding the behavior of reasonable consumers on a motion to dismiss, is especially appropriate here. First, only one of the Products' flavors uses "-ade" in the first place, so this argument does not even apply to two-thirds of the freezer pops in the package. Second, California law is clear that reasonable consumers are not required to be "versed in the art of inspecting and judging a product" or "in the process of its preparation or manufacture"—which would include the composing elements of food flavors. *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 682 (2006). Third, in the one case cited in support of Defendant's contention that the flavor "cherry limeade" would "alert a reasonable consumer that the Freezer Pops may contain water and other added ingredients" (quoting Memo. 17), the court actually declined to make that "determin[ation] as a matter of law." *Johnson-Jack v. Health-Ade LLC*, 587 F. Supp. 3d 957, 965 (N.D. Cal. 2022). The same outcome is dictated here.

Wherefore, Plaintiff respectfully submits that the Request for Judicial Notice should be denied to the extent and for the reasons set forth herein.

Respectfully submitted,

**CHARLES C. WELLER, APC**

/s/ *Charles C. Weller*
Charles C. Weller (SBN: 207034)
Attorney for Plaintiffs

January 9, 2026

-5-

## CERTIFICATE OF SERVICE

I hereby certify that on this date, January 9, 2026, I caused the foregoing to be filed into the docket of this matter via the Clerk of Court's CM/ECF system, which filing caused service to be made on all counsel of record.

Respectfully submitted,

/s/ *Charles C. Weller*
Charles C. Weller

Attorney for Plaintiff

PLAINTIFF'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE