Dawn Sestito (S.B.# 214011)
Natalie D. Camastra (S.B.# 324719)
O'MELVENY & MYERS LLP
400 S. Hope Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
dsestito@omm.com
ncamastra@omm.com

Martha Hutton (S.B.# 279335)
O'MELVENY & MYERS LLP
1625 Eye Street NW #10
Washington, DC 20006
Phone: (202) 383-5300
Fax: (202) 383-5414
mhutton@omm.com

*Attorneys for Defendant
Trader Joe's Company*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO PALACIOS, *individually and on behalf of all those similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>TRADER JOE'S COMPANY, *a California corporation*,<br><br>Defendant. | Case No.  2:25-cv-10584-CV-AGRx<br><br>**REPLY IN SUPPORT OF TRADER JOE'S COMPANY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Judge:  Hon. Cynthia Valenzuela<br>Hearing Date: January 30, 2026<br>Hearing Time: 10:30 am<br>Courtroom: 10B |

## I.      INTRODUCTION

Plaintiff has not offered any valid justification for denying Defendant Trader Joe's Company's ("Trader Joe's") Request for Judicial Notice.

First, Plaintiff opposes the request to judicially notice the label of Trader Joe's Organic Freezer Pops ("Freezer Pops") (Dkt. 15-5, Sloan Decl. Exhibit. 1), contesting the accuracy of the label and falsely arguing that Trader Joe's seeks notice of the label for the truth of matters asserted.  Plaintiff neglects that the Freezer Pops' label put forth by Trader Joe's is supported by a sworn declaration regarding its accuracy, provides a clearer image of the label than in Plaintiff's Complaint, and Trader Joe's seeks notice for the fact of the information available on the label – not the truth of that information.  For these reasons, and because Plaintiff refers extensively to the label and the label forms the basis of the Plaintiff's claim, the Court may take judicial notice of Exhibit 1 to the Declaration of Matt Sloan.

Second, Plaintiff opposes Trader Joe's request to judicially notice the definition of "limeade" as published by Merriam-Webster.   But Plaintiff does not dispute that Merriam-Webster is a reputable source from which courts may take notice of well-known definitions.  Instead, Plaintiff objects that Trader Joe's is seeking judicial notice of the definition to make unwarranted factual references.  Not so.  Trader Joe's seeks notice of the fact of the Merriam-Webster definition of limeade (not its truth).  Accordingly, the Court may take judicial notice of Exhibit 1 to the Declaration of Natalie D. Camastra.

Plaintiff's objections are without merit, and the label for Freezer Pops and the definition of "limeade" provided by Trader Joe's are properly subject to judicial notice.

REPLY ISO TRADER JOE'S REQUEST
FOR JUDICIAL NOTICE
2:25-CV-10584-CV-AGRX

## II.   ARGUMENT

### A.   The Label for Freezer Pops is Judicially Noticeable.

Plaintiff opposes Trader Joe's request that the Court take judicial notice of the Freezer Pops' label through the incorporation by reference doctrine.  In doing so, he does not dispute that he refers extensively to the Freezer Pops label in the Class Action Complaint ("Complaint"), includes his own photo of the Freezer Pops' label in the Complaint, and that the label forms the basis of Plaintiff's claims. Dkt. 15-2, Trader Joe's Request for Judicial Notice ("RJN") at 2; Dkt. 18, Opposition to Request for Judicial Notice ("Opp. RJN") at 2-4; *See, e.g.,* Dkt. 1-1, Compl. ¶¶ 13–14, 20, 25-27, 36, 46, 54-55, 60.  Nor does Plaintiff dispute that the Court may consider on a motion to dismiss "documents whose contents are alleged in a complaint and whose authenticity no party questions . . . ."  *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998) (internal citations omitted) (superseded by statute on other grounds).  This is enough to grant judicial notice.

Plaintiff only flimsily challenges the label's accuracy, arguing that it is a "resized, computer-generated mock-up equivalent to a printer's file or architectural rendering" which may not accurately reflect the actual label as encountered by the Plaintiff.  Opp. RJN at 3.  But Trader Joe's submitted a sworn declaration from Matt Sloan, the Vice President of Culture & Innovation for Trader Joe's, attesting to the authenticity of the label and identifying the design as the one that appears on the Freezer Pops' packaging that was allegedly purchased by Plaintiff.  Dkt. 15-4, Sloan Decl. ¶ 3.  And Plaintiff does not allege that the label provided by Trader Joe's differs in any way from the label purchased by Plaintiff or point to any differences as compared to the one in the Complaint (except that the one Trader Joe's seeks to judicially notice provides a clearer image of the same label).  Opp. RJN at 2-4.  Trader Joe's has therefore satisfied its burden.  *Moore v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC*, 2021 WL 3524047, at

REPLY ISO TRADER JOE'S REQUEST
FOR JUDICIAL NOTICE
2:25-CV-10584-CV-AGRX

*2 (N.D. Cal. Aug. 6, 2021) (taking judicial notice of product label in false advertising dispute and overruling plaintiff's objection to the authenticity of the label because defendants "provided a declaration authenticating the labels").

Moreover, courts regularly grant judicial notice of images that "better display" a product's packaging. *McKay v. Sazerac Co.*, 2023 WL 3549515, at *2 (N.D. Cal. May 17, 2023) (holding "clear depictions of the images located in the complaint as a blurry photograph" are "proper for judicial notice"); *Cheslow v. Ghirardelli Chocolate Co.*, 445 F. Supp. 3d 8, 15 (N.D. Cal. 2020); *Prescott v. Nestle USA, Inc.*, 2020 WL 3035798, at *2 (N.D. Cal. June 4, 2020) (granting judicial notice of "images [that] show the Product package more clearly and more completely than the image included in the [complaint]"); *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1087 (N.D. Cal. 2017) (granting judicial notice of Raisin Bran packaging where the complaint "contains an image of the packaging in question, but omits the nutrition labeling on the side[.]").

Finally, Plaintiff's Opposition asserts that Trader Joe's is seeking judicial notice of the Freezer Pops' label for the truth of the matters asserted therein and to urge the Court to "make factual inferences from the label design in its favor." Opp. RJN at 3. Not so. Trader Joe's seeks judicial notice of the label not for the truth of information provided on the Freezer Pops' label, but rather for the existence of that information. *Moore*, 2021 WL 3524047, at *2 (taking judicial notice of label in false advertising case when defendant offered the "labels not for the truth of their statements, but only to note their existence, specifically that the labels contain an ingredient list.")

The Freezer Pops label is incorporated by reference into a complaint because Plaintiff refers extensively to the document and the document forms the basis of the Plaintiff's claim. *Jones v. Nutiva, Inc.*, 2016 WL 5210935, at *2 (N.D. Cal. Sept. 22, 2016). Furthermore, because Plaintiff cannot and does not

REPLY ISO TRADER JOE'S REQUEST
FOR JUDICIAL NOTICE
2:25-CV-10584-CV-AGRX

reasonably question the authenticity of the label, and Trader Joe's does not seek notice for the truth of the matters asserted, the label is properly incorporated by reference in the Complaint and may be judicially noticed.

### B.        The Definition for Limeade is Judicially Noticeable.

"The [C]ourt may judicially notice a fact that is not subject to reasonable dispute *because* it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b) (emphasis added).  In challenging Trader Joe's request for judicial notice of the Merriam-Webster definition of "limeade," Plaintiff does not reasonably question Merriam-Webster's reputability or accuracy.  In addition, there is no "reasonable disagreement" because Plaintiff has neither offered an alternative definition nor questioned if the definition can accurately and readily be determined from Merriam-Webster.  In opposing Trader Joe's Request, Plaintiff advances additional arguments, all of which fail.

First, Plaintiff argues that the court should not notice the definition because it is not relevant to all three flavors of Freezer Pops.  Opp. RJN at 5.  Yet, Plaintiff provides no authority for the proposition that facts should not be judicially noticed because it is not universally applicable to every part of a complaint.

Second, Plaintiff argues that reasonable consumers are not required to be "versed in the art of inspecting and judging a product" or "in the process of its preparation or manufacture"—which would include the composing elements of food flavors." Opp. RJN 5:6-10 (citing *Colgan v. Leatherman Tool Grp., Inc*., 135 Cal. App. 4th 663, 682 (2006)).  Plaintiff also refers to *Johnson-Jack v. Health-Ade LLC*, which declined to make a determination of what reasonable consumers would think "Health-Ade" meant as a "matter of law."  587 F. Supp. 3d 957, 965 (N.D. Cal. 2022); Opp. RJN 5:10-15.  However, Trader Joe's is not asking the Court to make any inferences about what a reasonable consumers believe, it is merely asking

4

the Court to notice the fact of the definition of "limeade."  Therefore, Trader Joe's has met its burden and the Court may judicially notice the definition.

Finally, Plaintiff's Opposition relies on (legally irrelevant) dictionary definitions, but Plaintiff has not requested judicial notice of these definitions. Instead, Plaintiff "offers them for 'consideration in interpreting' the meaning of "accompany."  Opp. RJN at 4 n.1; *see* Dkt. 17, Pl.'s Opp'n to Trader Joe's Mot. to Dismiss at 6-7.  Should the Court deny Trader Joe's Request for Judicial Notice yet consider the definitions put forth by Plaintiff, Trader Joe's requests that the Court also consider the Merriam-Webster definition of "limeade."

## III.    CONCLUSION

Plaintiff's arguments opposing Trader Joe's request are ill-founded. Accordingly, Trader Joe's respectfully asks the Court to grant Trader Joe's Request for Judicial Notice.

Dated:  January 16, 2025

O'MELVENY & MYERS LLP
DAWN SESTITO
MARTHA HUTTON
NATALIE D. CAMASTRA

By:____*/s/ Dawn Sesito*_____
            Dawn Sestito

Attorneys for Defendant
Trader Joe's Company

REPLY ISO TRADER JOE'S REQUEST
FOR JUDICIAL NOTICE
2:25-CV-10584-CV-AGRX

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Trader Joe's Company ("Trader Joe's"), certifies that Trader Joe's Reply in Support of Defendant Trader Joe's Request for Judicial Notice (ECF # 15-2) is produced using 14-point Times New Roman font including footnotes, contains approximately 1,465 words, which complies with the word limit of L.R. 11-6, and is 5 pages long, which complies with Judge Valenzuela's standing orders.

Executed on this 16th day of January 2026 in Los Angeles, California.

Dated: January 16, 2026

O'MELVENY & MYERS LLP
DAWN SESTITO
MARTHA HUTTON
NATALIE D. CAMASTRA


By: _/s/ Dawn Sestito_
        Dawn Sestito

Attorneys for Defendant
Trader Joe's Company